JOHN H. THORNDIKE *vs.* WILLIAM W. BURRAGE, administrator.

The leaving of nine cart-loads of ashes, brickbats and rubbish by a tenant on quitting the demised premises, is no breach of his agreement to peaceably yield up the premises in good, tenantable repair.

CONTRACT against the administrator of Henry H. Brown for breach by his intestate of an agreement to "peaceably yield up, in good, tenantable repair, reasonable wearing and use thereof excepted," certain premises demised to him by the plaintiff.

At the trial in the Superior Court, before *Scudder*, J., the plaintiff introduced evidence tending to show that he demised a shop and cellar to Brown for the three years ending January 1, 1861, by an indenture of lease in which Brown covenanted, among other things, that he would at the end of his tenancy peaceably yield up unto the plaintiff the said premises in good tenantable repair in all respects, reasonable wearing and use thereof excepted; that after the expiration of the term, Brown continued to occupy the premises and pay rent therefor, until April 1, 1869, when the tenancy ended by agreement; that prior to this time nothing was said by either of the parties to the other as to the terms of tenancy; that on April 1, 1869, Brown quitted the premises and left there a quantity of ashes, brickbats and rubbish, including old tin cans, amounting in all to nine horse-cart loads, which he had placed there during his tenancy, and which remained there a few days until the plaintiff had them removed; and that Brown removed all his other goods and chattels from the premises.

The judge ruled that the evidence as to the ashes, brickbats and rubbish, did not show a breach of the agreement. The plaintiff requested the judge to instruct the jury that, if the tenant agreed to yield up the premises at the end of his tenancy, and

did not then remove his ashes and rubbish from the premises, there would be a breach of this agreement for which the plaintiff could recover the damages thereby sustained by him; but the judge declined to give the instruction requested.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. L. Thorndike*, for the plaintiff.

*W. W. Burrage, pro se.*

BY THE COURT. Assuming that there was proof of an agreement of the defendant to peaceably yield up the premises in good repair at the end of his tenancy, the leaving of ashes and rubbish on the premises was no breach of that agreement.

*Exceptions overruled.*